[861 NYS2d 395]

In the Matter of MICHAEL S. KIMM, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 1, 2008

**APPEARANCES OF COUNSEL**

*Rita E. Adler*, Hauppauge (*Leslie B. Anderson* of counsel), for petitioner.

*Chris G. McDonough*, Melville, for respondent.

**OPINION OF THE COURT**

Per Curiam.

By order of the Supreme Court of New Jersey dated June 19, 2007 (hereinafter the New Jersey order), the respondent was publicly censured for violating New Jersey Rules of Professional Conduct rule 3.1, bringing a proceeding knowing or reasonably believing that it is frivolous, and New Jersey Rules of Professional Conduct rule 8.4 (d), conduct prejudicial to the administration of justice (191 NJ 552, 924 A2d 1191 [2007]). The New Jersey order directed the respondent to reimburse the Disciplinary Oversight Committee of that State for appropriate administrative costs and actual expenses incurred in prosecuting the matter.

The Supreme Court of New Jersey Disciplinary Review Board (hereinafter the Review Board) concluded that the respondent exceeded the limits of zealous advocacy in connection with a certain probate dispute. The respondent represented the defendant Elaine Ruel in the Probate Part of the New Jersey Superior Court, Chancery Division, Bergen County. The plaintiff in that matter, Grace Meyer, as executrix of the estate of Howard Zidlick, alleged that Ruel breached a fiduciary duty, engaged in self-dealing, exercised undue influence upon the decedent in connection with a modified will and power of attorney, and committed fraud. The complaint sought, inter alia, a judgment declaring that certain bequests to Ruel's family and the power of attorney were null and void, an accounting from Ruel, compensatory and punitive damages, and an award of an attorney's fee and costs. The respondent's motion to dismiss the complaint, made on behalf of Ruel, was denied, but the Superior Court later dismissed the undue influence claim. After rejecting a settlement offer, the respondent, in turn, filed a complaint on behalf of Ruel and against Meyer in the New Jersey Superior Court, Law Division, Bergen County, alleging violations of the New Jersey and Federal Racketeer Influenced and Corrupt Organizations (hereinafter RICO) Acts, consumer fraud, and breach of fiduciary duty. The RICO causes of action were based on the theory that Meyer committed repeated acts of mail and wire fraud by having placed in the mails the Chancery Division complaint and related court papers making allegedly false charges against Ruel.

The Review Board reasoned as follows:

> "Attempting to defend the thin factual allegations
> of the complaint and the dubious legal theory

underpinning the action, the respondent asserted he was seeking to extend and modify the law, by 'lowering the threshold for civil RICO litigation and making the cause of action easier to substantiate at trial.' The D[istrict] E[thics] C[ommittee] found that it is 'inherently unacceptable for litigants and/or their attorneys to attempt to achieve victory through these sorts of strategically intimidating and overpowering litigation tactics.' The DEC concluded that the respondent violated *RPC* 3.1 and *RPC* 8.4 (d) and recommended a reprimand."

Following a de novo review, the Review Board accepted the conclusion of the District XI Ethics Committee, and found that it was supported by clear and convincing evidence.

The respondent's counsel, Chris G. McDonough, submitted a verified statement in response to the application of the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) for reciprocal discipline. According to counsel, the respondent decided that it would not be in his own best interest, or that of his family or this Court, to challenge the New Jersey order in the instant proceeding. However, he argues that the sanction of the Supreme Court of New Jersey was too harsh under the circumstances, since he voluntarily dismissed the action he commenced on behalf of Ruel prior to settlement of the probate dispute. Moreover, he contends that the dismissed action did not affect the eventual settlement, which occurred subsequent to that dismissal.

The respondent requests that this Court grant him an opportunity to present facts relative to the underlying matter and evidence in mitigation and of his good character. He has not, however, raised any of the defenses enumerated in 22 NYCRR 691.3 (c), nor has he requested a hearing with respect to such defenses. Accordingly, there is no impediment to the imposition of reciprocal discipline at this juncture.

Based on the reasoning of the Supreme Court of New Jersey Disciplinary Review Board and the Supreme Court of New Jersey, the Grievance Committee's application for the imposition of reciprocal discipline is granted and the respondent is publicly censured.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and SKELOS, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that the respondent is publicly censured based upon the discipline imposed upon him in New Jersey.